# Delo et al. *versus* Banks.

1. In a suit in equity by A. against B. his partner, for the dissolution of the partnership and an account, B. was permitted to wind up the business upon giving bond to A. (with four sureties) to pay him " the just and full sum that may be found due and owing the said A., growing out of or arising from the partnership of A. and B., or hereafter arising from collections made by said B. of said funds." Upon a further application by A., the court appointed a receiver and the business was taken out of B.'s hands. The court subsequently entered a decree against B. for the amount found due from him to A., upon the settlement of the partnership accounts, to recover which A. brought an action of debt against the sureties upon the bond given him by B. *Held* (reversing the judgment of the court below), that the sureties were only liable for the amount actually received by B. during the time the business was in his hands for liquidation.

November 21st 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Clarion county:* Of January Term 1882, No. 431.

This was an action of debt by John Banks in part for use of John W. Reed against Jeremiah Delo, B. F. Keck and Thos. A. McKeon upon a bond given by these defendants together with Samuel M. Smith and Jno. A. McDowell to the legal plaintiff.

The legal plaintiffs, John Banks and S. M. Smith, were partners as machinists in the Clarion oil field, Smith being the managing partner. Upon November 19th 1877 Banks filed a bill in equity in the Common Pleas of Clarion county, alleging mismanagement on the part of Smith and praying for a dissolution, an account, and the appointment of a receiver. Upon the hear-

[Delo v. Banks.]

ing of the application on November 26th 1877 the court made the following order :

" And now, to wit, November 26th 1877, the above application (for appointment of receiver) made in open court and after argument, upon the consideration thereof, it is ordered, adjudged and decreed that the defendant, S. M. Smith, shall give a bond with two sureties, to be approved by the court, within five days, conditioned for the payment of any sum or sums that may be found due or owing John Banks, growing out of or arising from the partnership of Smith or Banks, or hereafter arising from collections made by said Smith of said funds, —in the sum of six thousand dollars ($6,000); and in case of the failure of the said Smith to file the approved bond aforesaid, within the time herein mentioned, then a receiver to be appointed as herein prayed for."

On December 3d 1877 Smith accordingly filed the bond as required with the above named Keck, McKeon, McDowell and Delo as sureties, which was approved by the court. The condition of the bond was as follows :

" The condition of this obligation is such that if the said S. M. Smith, his heirs, executors or administrators shall well and truly pay or cause to be paid unto the said John Banks (his) certain attorney, executors administrators or assigns the just and full sum that may be found due and owing the said John Banks, growing out of or arising from the partnership of said Smith & Banks, or hereafter arising from collections made by said Smith of said funds, without any fraud or further delay, then this obligation to be void, else to remain in full force and virtue."

Upon January 17th 1878, Banks again applied for the appointment of a receiver, averring dishonesty and mismanagement by Smith, and that plaintiff had no security from the said Smith for deponent's share of the partnership property.

The court accordingly appointed one Johnson as receiver, who forthwith took the assets and business out of Smith's hands.

Upon November 13th 1879, in the equity suit for an account the court made a decree against Smith and in favor of Banks for $618.76. To recover this amount Banks brought the present suit upon the bond above mentioned, against Smith and his four sureties. Judgment was taken for want of appearance against the defendants served, which was opened upon the payment of $200 by the defendants, when the case went on to trial for the balance.

Upon the trial, the record of the above facts was shown in evidence, whereupon the defendant offered to show that between the filing of the bond and the order of court of January 17th appointing Johnson as receiver, no assets came into the hands of Smith or were converted by him, except possibly a very small

amount not exceeding $50 if any. Objected to; Objection sustained. Exception. (First assignment of error.)

The plaintiff requested the court inter alia to charge as follows:

3. "Under the evidence, the verdict of the jury should be for the plaintiff for the amount of the said decree in equity, with interest thereon, less the sum of $200 paid by defendants June 11th 1880, and deducted at that date."

Answer. "We answer that point in the affirmative." Exception. (Third assignment of error.)

The defendants requested the court, inter alia, to charge as follows:

2. "The bond in suit having been given in consideration and on condition that this court would not appoint a receiver to take the assets and business of the firm of Smith & Banks out of the hands of Smith as managing partner; and shortly after the filing of said bond, this court having, at the instance and request of the plaintiff, Banks, appointed one Michael Johnson as receiver, who took the said assets and business out of Smith's hands, said Banks could not hold the sureties liable on said bond except for such assets as he must show were collected or converted by Smith between the filing of said bond and the appointment of Michael Johnson as receiver."

Answer. "We answer that point in the negative." Exception. (Fifth assignment of error.)

The jury under the direction of the court found a verdict for the plaintiff for $483.47 on which judgment was duly entered. Whereupon the defendants took this writ assigning for error, inter alia, the ruling of the court upon the defendants' offer of evidence, and the answers to points as above stated.

*B. J.* and *A. B. Reid*, for plaintiffs in error.

*Jenks* (with him *Wilson*), for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, December 30th 1882.

The bond in suit was given by S. M. Smith to secure his partner, John Banks, for any sum that might appear to be due him upon a settlement of their partnership accounts. So much is plain from an examination of the condition of the bond. It is equally clear, that the object in giving the bond was to enable Smith to retain the property of the firm in his own hands, and to wind up the business. This is manifest from the order of the court under which the bond was given. The conclusion of the order reads: "And in case of the failure of the said Smith to file the approved bond aforesaid, within the time herein

[Dolo *v.* Banks.]

mentioned, then a receiver to be appointed as herein prayed for." Smith was under no obligation to give this bond. The only consideration therefor, was that the assets of the firm should be left in his hands for administration and settlement, and to prevent the same going into the hands of a receiver. The bond was approved by the court on December 3d 1877, and Smith appointed ad interim receiver. On the 17th of the next month, Banks filed his petition in the court below alleging mismanagement on the part of Smith; that he had no security from Smith for his share of the partnership property, and praying for the appointment of a receiver. The court on the same day appointed Michael Johnson receiver. It is now sought to hold the sureties upon Smith's bond for the amount appearing to be due from Smith to Banks upon a settlement of the partnership accounts.

While this claim is not inconsistent with the condition of the bond, it is obvious, the consideration of the bond has failed in part, and it would be unjust to hold the sureties to the payment of the entire indebtedness of Smith to his partner, upon a settlement of the firm accounts. When the sureties entered into their obligation, they had reason to suppose from the order of the court that Smith would be permitted to wind up the business. Their ultimate liability might depend to a considerable extent upon the care and skill with which this was done. The court having, upon the application of Banks, taken the property out of Smith's hands, the most that the sureties can be held for is the amount of money, if any, received by him between the date of the bond and the 17th of January 1878, when Johnson was appointed receiver.

It follows from what has been said that the evidence referred to in the first assignment ought to have been received. The third and fifth assignments are also sustained.

Judgment reversed, and a venire facias de novo awarded.